MOORESTOWN MANOR COMPANY, complainant,

*v.*

CLARA T. HUNT et al., defendants.

[Heard and determined June 16th, 1924.]

**Contracts—Relief From Operation—Terms Clear—Claim of Misunderstanding Cannot Prevail.**

On bill, &c.   On final hearing.

*Mr. Henry F. Stockwell,* for the complainant.

*Mr. Thomas P. Curley,* for the defendants.

LEAMING, V. C. (orally).

I see no way by which Mrs. Hunt can be relieved from the operation of this agreement. The agreement is perfectly plain; it couldn't be made plainer by the English language. If Mrs. Hunt didn't understand it it was her own fault; nobody has undertaken to deceive her. She is a cultivated woman; she can read and understand what she reads; the agreement has been executed by all the formalities which the law provides, and in the absence of positive deception on the part of the complainant, or someone representing the complainant's interest, as to the contents of this agreement, there is no way in the law to relieve her from its terms, and it must be enforced according to its terms. It may be she now thinks she accurately recalls the conversation with Mr. Evans at that time; she may be sincere in her statement that she understood the interest on this money was to be paid to her at once and as long as she lived. The agreement is perfectly plain in its statement that the interest is to be paid to her husband during his lifetime, and then, if she survives, to

her during her lifetime. Can it be possible an intelligent woman can sign that instrument and acknowledge it with all the care that was taken in the execution of these papers and then defeat the rights of the purchaser by testimony that she didn't understand it, especially when it is clear that no one attempted to deceive her? If she did not understand it it was her own fault; nobody has attempted to deceive her. I think the truth is she is mistaken in her recollection. I think the testimony of Mr. Evans is accurate; it is more likely to be accurate, because the agreement itself is exactly what the law would give her. She will get for her dower a life right in one-third interest in the value of the real estate of her husband when he dies, and not until then; she is entitled to nothing out of it as a dower right until he dies, and that is what this agreement provides for her; it gives her one-third of the net income of the sale of this property from the date of his death as long as she lives thereafter.

On thing, among others, that leads me to think Mrs. Hunt is mistaken in her present recollection, is the fact that upon the receipt of this agreement, or a copy of it, after it had been executed, she says she read it over and became dissatisfied with it at once, noticing then, for the first time, she was not to receive any money until her husband's death, whereas she wrote to Mr. Evans a letter acknowledging receipt of the agreement and making no mention whatever of the fact that the agreement did not provide what she had been led to understand it would provide. Later, she talked to Mr. Evans over the telephone and made no suggestion to him that he had misrepresented the contents of this agreement, and it wasn't until some two months later, from early in November until January, that she even consulted an attorney in the matter, and during all that time she knew, from reading the agreement, that it did not contain the matters that she now claims she had understood it was to contain, or understood it did contain, when she signed it. The law places upon an intelligent woman, or an intelligent man, when they execute a plain and clear instrument and acknowledge it in the

35

solemn form that the law provides to secure the intelligent execution of an instrument, the obligation to know what they are signing, and it isn't possible for them to come into court and be relieved from their carelessness, unless, under circumstances of that kind, some false representations were in fact made to them. It is plain that Mr. Evans did not make any false representations and was not guilty of any fraudulent conduct; the utmost that is claimed is Mrs. Hunt did not adequately understand what the agreement provided. He stated to her what was in this agreement, and he says he read it to her, and if she didn't understand it it wasn't because of her ignorance; it was her carelessness and careless mistake, and she must suffer the consequences, and the consequence is in fact no imposition upon her, since she gets by that agreement all the rights she had in that farm before it was sold. She loses nothing except this suit; she loses that.